No. 93-366

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

IN THE MATTER OF THE INQUIRY

into N.L., A Youth in Need of Care.

APPEAL FROM: District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable Peter Rapkoch, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Tina LaRocque, Winifred Montana (pro se)

For Respondent:

Hon. Joseph P. Mazurek, Attorney General, Mike
Wellenstein, Assistant Attorney General, Helena,
Montana; Thomas P. Meissner, Fergus County Attorney,
Lewistown, Montana; Craig R. Buehler, Lewiston,
Montana; Jim Simonich, Department of Family
Services, Lewistown, Montana; Monte J. Boettger,
Lewistown, Montana

FILED

OCT 04 1994

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: August 4, 1994

Decided: October 4, 1994

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal by N.L.'s mother of the termination of her parental rights. The father's rights were also terminated; he has not appealed. The termination was made by the Tenth Judicial District Court, Fergus County, following a termination hearing held on April 16, 1994.

The only issue on appeal is whether the District Court abused its discretion in terminating the parental rights of N.L.'s mother.

N.L's mother (Tina) and N.L.'s father (Eric) are the natural parents of N.L. who was born on October 11, 1990. The record shows a long history of alcohol and drug abuse by both parents. Also evident is a serious domestic abuse problem by both Tina and Eric. Eric's parents became concerned at the condition of their granddaughter after Tina and Eric moved in with them. Eric's parents testified that the baby did not appear to be getting the proper nutrition and that both Tina and Eric partied continuously. When Eric's parents attempted to communicate their concern, Tina and Eric simply took their daughter with them while they drank in local bars and then subsequently moved from the premises.

In addition to Eric's parents, who eventually called the Department of Family Services about the child, witnesses at the hearing included Tina and Eric, friends of the young couple, relatives of the couple, and personnel from the Department of Family Services and the rehabilitation programs in which Tina and Eric had been enrolled.

The file of this case presents a gloomy picture of abuse and

2

neglect. The record indicates that the child was taken out of the home once temporarily. When the child was returned to them, the parents again reverted to their destructive behavior resulting in the loss of their daughter.

When the child was taken a second time, the Department of Family Services established a plan that the parents had to complete successfully before the child would be returned to them. Neither parent finished all programs, including the Drug and Alcohol program, involved in this plan, although the record indicates that Tina finished the parenting program a month before the hearing. Repeated testimony at the hearing indicates that neither parent has stopped using drugs or alcohol.

Tina argues on appeal that if she is given custody of her daughter she will return to her home in Kalispell where her family resides and that they will help her. The record indicates that Tina's father testified that he would give Tina and the baby a home. However, testimony of other witnesses indicates that he also helped supply her with drugs.

The record is devoid of any substantiation that Tina's family has been supportive to her in any way. The court determined that it had no indication before it that a change of residence would alter Tina's family's indifference. Further and of more importance, the record is devoid of any showing that Tina has made any serious attempt to change herself or her lifestyle other than to superficially impress the court.

The court in this matter was charged with a serious concern.

3

Termination of parent rights is not something that is easily arrived at in this state. But there is no evidence here that Tina will commit to even a serious attempt at change. Her statements that she will stop using drugs and alcohol if she gets custody are not borne out by the record. The court must consider the "best interests" of the child and the notion that someone who has been unsuccessful and insincere throughout two separate attempts to change will somehow miraculously do it a third time after being granted custody of the child is an argument without substance. The court correctly determined that such a course of action would not be in the best interests of the child.

The court must consider the following elements when determining whether termination of parental rights is appropriate:

> i. an appropriate treatment plan that has been approved by the court has not been complied with by the parents or has not been successful; and
> ii. the conduct or condition of the parents rendering them unfit is unlikely to change within a reasonable time
> . . .

Section 41-3-609(c), MCA. Unfortunately, neither parent has shown the ability to finish what they start nor the will to change. The District Court carefully considered every piece of evidence with which it was presented and correctly determined that it had no choice but to terminate the parental rights of Tina and Eric or else risk harm to the child. Therefore, after a thorough review of the record by this Court, we conclude that the District Court did not abuse its discretion.

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court

4

1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

5